(No. 38612.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *v.* RONALD HAGEL, Appellant.

*Opinion filed March 18, 1965.—Rehearing denied May 19, 1965.*

PRENTICE H. MARSHALL and GEORGE J. COTSIRILOS, of Chicago, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JAMES V. CUNNINGHAM, State's Attorney, of Peoria, (FRED LEACH and GEORGE W. KENNEY, Assistant Attorneys General, and JAY H. JANSSEN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Ronald Hagel, was found guilty by a jury in the circuit court of Peoria County of embezzling $460 as a

public officer and was sentenced to the penitentiary for a term of 3 to 5 years. He appeals from this judgment of conviction.

Defendant was a justice of the peace of Peoria County from 1957 to 1961. Tickets issued to traffic violators and returnable before defendant and his receipt books were introduced into evidei.ce over his objection. They showed that he had received more than $4000, representing fines and costs collected from traffic violators from May 1, 1959, through April 30, 1961. It is undisputed that he failed to account for any fines or costs collected during that period.

Defendant's first contention, and the one which gives us jurisdiction of this case, is that extensive prejudicial newspaper, radio and television publicity deprived him of his right to a fair trial guaranteed by the Illinois and Federal constitutions. With regard to the pretrial publicity, he states that his case was a newsworthy "coming event"; that details of his alleged embezzlement were reported in the press and that the press constantly connected him with Carl Fry, a former justice of the peace who had been indicted, tried and convicted of embezzlement. The gist of this assertion is that the press had created a prejudicial atmosphere within the community from which an impartial jury could not be obtained.

While our law does not permit the courts to bridle the press, it does provide protection from pretrial publicity. Through changes of venue and continuances the trial can be moved to a less prejudicial place and time. *Voir dire* examination can be used to expose prejudice. Here defendant made no motion for a change of venue or continuance and the record fails to show the *voir dire* examination of any of the jurors. The two cases cited by defendant wherein the Supreme Court reversed convictions because of prejudicial pretrial publicity (*Rideau* v. *Louisiana*, 373 U.S. 723, 10 L. ed. 2d 663, and *Irvin* v. *Dowd*, 366 U.S. 717, 6 L. ed. 2d 751) both involved denials of motions for a change of

venue. We feel that a defendant represented by counsel of his choice cannot, after his conviction, complain of the effect that pretrial publicity may have had on the jury when he failed to move for a change of venue or continuance or to preserve the *voir dire* examination.

The publicity during the trial was essentially factual, but it did comment on defendant's failure to testify. As we pointed out in *People* v. *Brinn, ante,* p. 232, one solution to the problem of exposing the jurors to publicity being given the trial is to completely seclude the jury. No request for seclusion of the jury was made in this case nor did defendant ever make a motion for a mistrial. The trial judge without request admonished the jury against reading about or discussing the case and gave defendant's only requested instruction on outside influences. On this state of the record we hold that the trial court did not err in refusing to grant a new trial because of publicity given to the trial.

Defendant argues that the court erred in admitting over his objection a written demand for the funds made by the State's Attorney upon him prior to commencement of the prosecution. The trial court admonished the jury that the exhibit was admitted only to show that a demand was made upon defendant and not for the purpose of proving that defendant had withheld funds belonging to the county. Defendant asserts, however, that since a demand is not an element of the crime of embezzlement, the exhibit was inadmissible. A demand is not an essential element of the crime with which defendant was charged. (*People* v. *Davis,* 269 Ill. 256.) The demand here stated no amount due and referred only to the period covered by the indictment. It could not therefore have prejudiced the defendant.

Defendant's final objections center around the admission of a large number of State troopers' written disposition reports, receipts from defendant's receipt books and the accountant's summary sheets based on the disposition reports and receipts. He admits that there was sufficient foundation

to support the admission of exhibits showing that he had received $90 but that there was no proper foundation for the admission of exhibits showing he received over $4000. Although he concedes that proof that he withheld $90 would support the conviction and make evidence of further sums withheld merely cumulative and immaterial, he argues that there is evidence which tends to prove he made payment of $807.

The only witness called by defendant was John Rellihan who testified that the Central National Bank and Trust Company of Peoria had issued a cashier's check to defendant dated September 3, 1958, in the amount of $807 payable to the county treasurer. This check was issued before the period in question and could not have covered the $90 withheld by defendant. Furthermore, there was no proof that the check was ever delivered to the county treasurer.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*