490 P.2d 480

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Robert Joe SAMORA, Defendant-Appellant.**

**No. 667.**

Court of Appeals of New Mexico.

Oct. 22, 1971.

Harold H. Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Ethan K. Stevens, James H. Russell, Jr., Asst. Attys. Gen., for plaintiff-appellee.

OPINION

SUTIN, Judge.

Samora was convicted of kidnapping, under § 40A–4–1, N.M.S.A.1953 (Repl.Vol. 6).

We affirm.

This is a companion case to State v. Martinez, 82 N.M. 9, 487 P.2d 919 (Ct. App.1971), in which Martinez was convicted of armed robbery. We affirmed Martinez.

Samora first contends the trial court erred in allowing a police officer to testify at trial to an out-of-court identification of Samora at an elevator in a police station because, in the absence of defense counsel, this constituted an illegal "showup."

The term "showup" has sometimes been used interchangeably with "lineup," State v. Morales, 81 N.M. 333, 466 P.2d 899 (Ct. App.1970), and is also used to refer to a situation where one suspect is shown by himself to a witness. 39 A.L.R.3d 791, 793, Note 1. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). This is called a "one-man show-up." Bates v. United States, 132 U.S.App. D.C. 36, 405 F.2d 1104 (1968).

We interpret Samora's use of the term "showup" to mean a one to one confrontation between the accused and a witness. In this case, there was evidence introduced at trial of an out-of-court confrontation of Samora with a witness, a police officer, in the absence of an attorney for Samora.

Samora was first seen by the police officer between 12:30 a. m. and 1:00 a. m. at Larry's Drive-In where two men had entered with the apparent intent to commit robbery. The lights were on in the kitchen area. The man, later identified as Samora, had a 45 automatic gun in his hand. He was 30 feet from the police officer when seen. Samora faced the officer ten or fifteen seconds. Prior to his arrest, the officer independently identified Samora from a photograph at the police station.

Some six hours later, Samora was arrested and taken to the police station. The arresting officer and Samora were standing at the elevator in the building, at this time, the police officer witness came out of the radio room, saw Samora and identified him as the man he had seen inside Larry's Drive-In during the armed robbery. This identification was made without an attorney for Samora being present. During trial, on direct examination, the officer identified Samora positively as the man he saw in the kitchen at Larry's Drive-In.

On cross-examination, defense counsel referred to "mug" photographs of Samora. On redirect examination, the trial court, over specific objection, allowed the police officer to testify to the out-of-court elevator identification of Samora when no defense attorney was present. However, the police officer further testified that he was not influenced by the fact that Samora was in custody at the elevator. He was positive at the time of trial that Samora was the same man he had seen earlier in the drive-in.

Was the out-of-court elevator identification illegal and inadmissible because Samora, at that time, was without an attorney, was not advised of his right to an attorney, and did not waive this right? The answer is "no."

The out-of-court identification was inadvertent or accidental. State v. Turner, 81 N.M. 571, 469 P.2d 720 (Ct. App.1970). It was not an arranged lineup or confrontation planned by the police department. We have assumed that a lineup identification of a defendant is illegal where a defendant was not represented by counsel at that lineup. State v. Clark, 80 N.M. 91, 451 P.2d 995, (Ct.App.1969), reversed on other grounds, 80 N.M. 340, 455 P.2d 844 (1969). That issue is absent here. The admission in evidence of the accidental elevator identification was not error.

Secondly, Samora contends it was error to allow in evidence a gun and other

evidence found on the person of Jake Martinez, a participant with Samora in the armed robbery of Larry's Drive-In, because this was an abuse of discretion. No authority is cited. Samora claims that the Martinez items of evidence did not materially aid the jury while its prejudice to Samora far outweighed its probative value. This point has no merit. The crime of kidnapping, with which Samora was charged, grew out of the attempted robbery of the drive-in by Samora and Martinez. Both were identified as being at the place of the crime in the building at the same time, each in possession of guns. Both had a common design of robbery. Under these circumstances, the Martinez items of evidence were admissible.

■ The rule is well established that a weapon or other instrument found in the possession of the accused's associates is admissible as part of the history of the arrest and as bearing on the crime. 22A C.J.S. Criminal Law § 712(C); Harris v. State, 450 P.2d 857 (Okl.Cr.1969); People v. Johnson, 35 Ill.2d 516, 221 N.E.2d 497 (1966); State v. Lindner, 282 S.W.2d 547 (S.Ct.Mo.1955). See State v. Everitt, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969).

The trial court did not abuse its discretion in admitting the Martinez items in evidence.

■ Samora further contends the trial court abused its discretion in allowing in evidence a "mug shot" of Samora because it was suggestive of guilt and was prejudicial. The record shows the state did not offer the "mug shot" in evidence on direct examination of a police officer. Samora's attorney on cross-examination first questioned the police officer on the photographs and opened up the subject. On redirect examination, the state properly questioned the police officer with reference to the "mug shot." It was identified without objection before it was offered in evidence. At this late stage, Samora's attorney objected. The trial court did not abuse its discretion in admitting the photograph in evidence.

■ Finally, Samora claims he was entitled to a directed verdict. There is no merit to this contention.

Affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.