494 P.2d 189

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Paulina PAUL, Defendant-Appellant.**

**No. 809.**

Court of Appeals of New Mexico.

Feb. 4, 1972.

Geo. L. Zimmerman, Alamogordo, for defendant-appellant.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

There was an armed robbery at the registration desk and in the lounge of a motel. During the course of the robberies at least two persons were injured. Convicted of two armed robberies and two aggravated batteries, defendant appeals. Section 40A–16–2, N.M.S.A.1953 (Repl.Vol. 6) and § 40A–3–5, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). The issues concern: (1) actions and remarks of the trial court; (2) identification testimony; (3) due process

claims; and (4) sanity at the time of the offenses.

*Actions and remarks of trial court.*

On the scheduled day for trial, when the trial judge declared that court was in session, defendant remarked: "Oh my Heavenly Father, You know I am your son, get these devils off of me." The remark was ignored. Defendant's case was called and the parties announced they were ready for trial. Twelve prospective jurors were called and while they were being questioned by the court, the record shows " * * * the defendant stood up and there was another outburst from the defendant." The court stated: "You are going to sit down and you are going to stay quiet or I am going to sit you down and keep you quiet * * *."

The court's questioning of the jury was resumed. A third outburst occurred. The trial court sent for a gag and stated: " * * * the very next time he has that outburst I want him tied * * *." Thereupon, the fourth outburst occurred. The State then moved for a mistrial.

While the district attorney was arguing on behalf of a mistrial, defendant continued with comments such as "Who is lying?" At the district attorney's request the courtroom was cleared and the argument on behalf of a mistrial continued. Defendant's interruptions also continued, resulting in the court (out of the presence of the jury) telling defendant to "shut up" and remarking that in the court's opinion defendant was feigning. Defense counsel opposed the motion for mistrial, pointing out that defendant could be controlled with a gag. See Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

The trial court denied the motion for mistrial. It left the defendant without a gag but stated that at the next outburst defendant was to be gagged and shackled. The trial proceeded without further interruptions by defendant.

At the close of the State's case, defendant moved either for a mistrial or a direct-

ed verdict on the basis that the court's remarks in the presence of the jury panel " * * * prejudiced the defense sought to be raised by the defendant, that is insanity, at the time of the commission of the alleged offenses."

We disagree. Certainly a directed verdict in favor of a defendant is not to be granted on the basis of defendant's misconduct. The motion for a mistrial is within the discretion of the trial court and will not be reversed unless that discretion is abused. There was no abuse of discretion in telling the defendant to sit down and stay quiet and, after repeated outbursts, in directing that defendant was to be gagged and tied if the outbursts continued. The administration of criminal justice is not to be delivered into the hands of those who gain only from its subversion. State v. Guy, 82 N.M. 483, 483 P.2d 1323 (Ct.App.1971). If prejudice to the defense resulted from the court's remarks, it was defendant's own doing, and he is not to be permitted to gain from his outbursts.

### Identification testimony.

The witness Miranda testified on direct examination as to some of the events occurring during the armed robberies. Miranda, on direct examination, did not identify the defendant as the criminal. On cross-examination he testified the criminal was a Negro on the basis of having seen black hands. Also, on cross-examination, he testified that shortly before the crimes he had seen "two colored persons" outside the motel.

Still later in Miranda's cross-examination, defendant brought out that Miranda had viewed a line-up at the police station at 2:00 a. m. following the crimes; that of the persons viewed, one looked similar to a person Miranda had had dealings with but Miranda couldn't say that person had been at the motel; and that the defendant was not the person in the line-up that looked "similar." However, Miranda was "pretty sure" he saw defendant the next day when taken up to the jail.

The witness Marrone, during her direct examination, also testified to some of the events of the crimes. In doing so, she referred to the criminal as "he" and apparently pointed to the defendant. A reading of her entire examination shows that she never identified the defendant. She testified that she could not say whether the criminal was Negro or white. (The criminal wore a stocking mask).

Defendant claims he was denied due process because his conviction resulted in part on an in-court identification based on a one-man show-up when the defendant was not represented by counsel. This is factually incorrect. Miranda did not identify anybody at the line-up which, according to Miranda, consisted of three or four Negroes, among others. As to seeing defendant at the jail the next day, there is nothing in the record indicating the circumstances of this viewing. There is no factual basis for this claim. Compare State v. Samora, 83 N.M. 222, 490 P.2d 480 (Ct.App.1971); State v. Orzen (Ct.App.), 83 N.M. 458, 493 P.2d 768, decided January 14, 1972.

Defendant also claims the "totality of the circumstances" require a reversal. The circumstances relied on are that the combination of Miranda's and Marrone's testimony makes objectionable the testimony of Miranda about viewing the defendant in jail the next day after the crimes. Again, there is no factual basis for the claim. Neither Miranda nor Marrone ever identified defendant as the criminal. Miranda only testified that he saw defendant in jail. Absent some identification of defendant by these two witnesses, there are no circumstances of identification to be considered. We add that defendant was found hiding outside the motel; a mask, and a traveler's check taken from the motel, were found where defendant had hidden.

### Due process claim.

Defendant claims there was a denial of due process. The various contentions and our answers follow.

Delay.

■ The crimes occurred on August 18, 1970. Counsel was appointed October 14, 1970. On October 27, 1970, defendant moved for a preliminary hearing. A preliminary hearing was held on December 1, 1970. Nothing in the record indicates why the delay occurred in the appointment of counsel or in holding the preliminary examination. The record does not show any prejudice from these delays and no prejudice is claimed. State v. Ford, 81 N.M. 556, 469 P.2d 535 (Ct.App.1970); Pena v. State, 81 N.M. 331, 466 P.2d 897 (Ct.App. 1970).

Fair trial.

■ The general claim, of a denial of a fair trial, is too general to provide a basis for relief and presents no issue to review. State v. Clark (Ct.App.), 83 N.M. 484, 493 P.2d 969, decided December 10, 1971.

State's motion for mistrial.

■ In the first point discussed, we referred to the State's motion for mistrial following defendant's outbursts in the courtroom. Defendant claims the motion for mistrial should have been granted. We have held the trial court did not abuse its discretion in denying the motion. Defendant also asserts that his counsel should not have opposed the motion. This was a matter of trial strategy within the control of counsel. State v. Ramirez, 81 N.M. 150, 464 P.2d 569 (Ct.App.1970).

*Sanity at time of offenses.*

■ A defense was that defendant was insane at the time he committed the offenses. This issue was submitted to the jury. Defendant now claims we should find insanity as a matter of law. The claim is without merit. It was for the jury to decide this issue. State v. Ortega, 77 N.M. 7, 419 P.2d 219 (1966).

The judgment and sentences are affirmed.

It is so ordered.

HENDLEY and COWAN, JJ., concur.

SUTIN, J., not participating.