This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41562

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KODY V. MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio Chavez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Melanie C. McNett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals from his convictions for knowingly leaving the scene of an accident resulting in death and tampering with evidence. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

## DISCUSSION

**{2}**    In his memorandum in opposition, Defendant reasserts that the evidence presented at trial was not sufficient to support his conviction for tampering with evidence. [MIO 9] Defendant also contends that the district court erred in denying his request for mistrial. [MIO 11] We address each assertion of error in turn. Insofar as Defendant's memorandum in opposition contains no response to our notice of proposed disposition regarding the sufficiency of the evidence supporting his conviction for leaving the scene of an accident and the admission of video evidence at trial [CN 1, 6], we deem those issues abandoned. *See State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (observing that where a memorandum in opposition does not respond to our proposed summary disposition with respect to an issue, that issue is deemed abandoned).

**Sufficiency of the Evidence**

**{3}**    Regarding Defendant's assertion that there was insufficient evidence to support his conviction for tampering with evidence, Defendant asserts there was "no evidence—direct or circumstantial—of an overt act by [Defendant] to hide or conceal the truck" and there is no evidence of his intent. [MIO 9] We disagree.

**{4}**    As we explained in our notice of proposed disposition, we "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *See State v. Hertzog*, 2020-NMCA-031, ¶ 20, 464 P.3d 1090. [CN 4] The jury was instructed that in order to find Defendant guilty of tampering with evidence, they had to conclude that the State had proven that (1) Defendant "hid or placed a white Toyota Tacoma"; and (2) by doing so, Defendant "intended to prevent the apprehension, prosecution, or conviction of [himself] for the crimes of homicide by vehicle or leaving the scene of an accident resulting in death. [1 RP 217] *See State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 ("We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt.").

**{5}**    Mr. Rael testified that after Victim's death, Defendant drove the truck to the location where it was found. [MIO 4] Rael also testified that Defendant offered to give Rael the truck keys, and Defendant ended up leaving them with the truck. [MIO 4] An eyewitness testified to seeing Rael and Defendant standing next to the truck. [MIO 4] The jury saw a video in which Defendant admitted to driving the truck, knowing Victim died, and leaving the scene without reporting the accident or death. [MIO 3]

**{6}**    Regarding the first element—that Defendant hid or placed the truck—Defendant contends there is no evidence "of an overt act by [Defendant] to hide or conceal the truck." [MIO 9] Defendant's argument in this regard fails to recognize that the jury was instructed to find that Defendant hid *or placed* the truck with the intent to prevent apprehension. Defendant acknowledges, and there does not appear to be any disagreement about, the fact that Defendant drove the truck after the incident. As such, the evidence is sufficient to satisfy the first element of tampering with evidence.

**{7}** Regarding the requisite intent, Defendant asserts that "[r]emoving a piece of evidence from the scene of a crime is not in and of itself an overt act of tampering" and asserts that "leaving the keys with the truck does not show an intent to hide or conceal the truck from law enforcement." [MIO 11] Defendant's assertions fail to consider Defendant's admission that he knew Victim had died. When considered with that admission, the fact that Defendant rid himself of the keys to the truck—thereby ridding himself of physical evidence tying him to the truck that struck Victim—is sufficient for the jury to reasonably infer that Defendant intended to prevent apprehension, prosecution, or conviction for the crimes of homicide by vehicle or leaving the scene of an accident resulting in death. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, internal quotation marks, and citation omitted)), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, 478 P.3d 880; *State v. Michael S.*, 1995-NMCA-112, ¶ 7, 120 N.M. 617, 904 P.2d 595 (stating that "[i]ntent need not be established by direct evidence, but may be inferred from the [defendant]'s conduct and the surrounding circumstances").

**{8}** Defendant points to *State v. Holtsoi*, 2024-NMCA-042, 547 P.3d 770 and *State v. Chavez*, 2022-NMCA-007, 504 P.3d 541, cases in which this Court found sufficient evidence to support a tampering conviction relating to vehicles. [MIO 10] In pointing to these cases, Defendant seeks to draw a distinction between those cases and this one, arguing that there is no evidence in this case "to suggest that [Defendant] intended to obstruct law enforcement access to the truck by moving it to a less conspicuous area or defacing it." [MIO 10] Specifically, Defendant points out that there was no evidence to suggest the location where the truck was left "was more remote or concealed than the scene of the crime or any of the rest of the surrounding area." [MIO 10] We are unpersuaded.

**{9}** First, Defendant's argument suggests that a tampering conviction must involve acts of concealment or defacing, about which the jury was not instructed and that do not appear in the elements instruction for tampering with evidence. *See State v. Smith*, 1986-NMCA-089, ¶ 7, 104 N.M. 729, 726 P.2d 883 ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."); UJI 14-2241 NMRA. Second, Defendant's efforts to distinguish this case from *Holtsoi* and *Chavez* are unpersuasive.

**{10}** In *Holtsoi*, the defendant argued there was no overt act to indicate concealment because the defendant later cooperated with law enforcement. 2024-NMCA-042, ¶ 23. This Court disagreed, concluding that a jury could have reasonably found that the defendant's act of moving her vehicle to a location where police would otherwise have had difficulty finding it was sufficient to support the defendant's conviction. *Id.* Here, Defendant does not suggest that his subsequent cooperation with law enforcement negates any overt act of concealment, and Defendant similarly acted to move the truck to a place where, while not remote, police might have had difficulty locating it. In *Chavez*, the defendant's conviction relied heavily on the fact that the defendant returned

to a car parked in an alleyway to set it aflame. 2022-NMCA-007, ¶ 36. Here, Defendant's actions were not as drastic as those of the defendant in *Chavez*. Like in *Chavez*, however, the evidence against Defendant was not limited to the act of moving the vehicle; the jury heard evidence that Defendant knew Victim was dead and acted to rid himself of the keys.

**{11}** We conclude that the premise upon which Defendant's argument relies—that there must be an overt act of concealment or defacement to prove tampering with evidence—is unpersuasive under these circumstances. The evidence in this case is sufficient to support Defendant's conviction for tampering with evidence.

## Mistrial

**{12}** Defendant also contends the district court erred by failing to grant a mistrial to allow for a competency determination. [MIO 11] Though Defendant contends that this issue should be reviewed de novo because his right to not be tried while incompetent is a matter of due process [MIO 12], his brief addresses only the sufficiency of the information presented to the district court, arguing he "presented a prima facie case of incompetence." [MIO 14] The de novo standard is therefore inapplicable, and "[w]e review the denial of a motion for a competency evaluation for an abuse of discretion." *State v. Flores*, 2005-NMCA-135, ¶ 20, 138 N.M. 636, 124 P.3d 1175. Moreover, we note that insofar as Defendant also asserts error in the district court's failure to declare a mistrial, we review that assertion for an abuse of discretion as well. *See State v. Paul*, 1972-NMCA-024, ¶ 7, 83 N.M. 527, 494 P.2d 189 ("The motion for a mistrial is within the discretion of the trial court and will not be reversed unless that discretion is abused.").

**{13}** In considering a motion for a competency evaluation, the district court must determine "whether the motion is supported by a reasonable belief that the defendant may not be competent to stand trial." Rule 5-602.1(F)(1), (2)(a) NMRA (stating that such a determination "shall be based upon the allegations in the motion or upon the court's own observations of the defendant"). A defendant bears the burden of proving incompetence. *See State v. Chavez*, 2008-NMSC-001, ¶ 1, 143 N.M. 205, 174 P.3d 988. A person is competent to stand trial when they have "sufficient present ability to consult with [their] lawyer with a reasonable degree of rational understanding, a rational as well as factual understanding of the proceedings against him, and the capacity to assist in his own defense and to comprehend the reasons for punishment." *State v. Linares*, 2017-NMSC-014, ¶ 34, 393 P.3d 691 (alterations, internal quotation marks, and citation omitted).

**{14}** In our proposed disposition, we highlighted the factual inadequacies of the docketing statement and relied on the presumption of correctness to affirm the district court. [CN 8] *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings," and the burden is on the appellant to establish error (alterations, internal quotation marks, and citation omitted)). Defendant's memorandum in opposition clarifies that

defense counsel filed a written motion for a competency evaluation before trial. [MIO 13] Defendant was deemed competent to stand trial in a stipulated order [MIO 13; 1 RP 71], and trial commenced approximately three months later [2 RP 446].

**{15}** Once trial started, Defendant twice interrupted a discussion that occurred outside the presence of the jury between the district court and defense counsel; Defendant sought to tell the district court some "practical knowledge" and make a statement regarding Rael. [MIO 15; 2 RP 480] Defendant also interrupted the proceedings outside the jury's presence when the district court was discussing the admissibility of video footage containing Defendant's interview with law enforcement; Defendant asked to make something clear in a statement, and the district court explained that Defendant could make a statement if he chose to testify. [MIO 15; 2 RP 490-91] Defendant also informed the district court that Rael did not give a full statement, he believed the officers were biased, and he did not want to testify or need time to talk to his parents about whether to testify. [2 RP 506-07] When in front of the jury, Defendant interrupted during defense counsel's cross-examination of a witness. [MIO 15; 2 RP 483]

**{16}** Defendant does not assert error in the district court's pretrial competency determination, which proceeded in accordance with Rule 5-602.1. [1 RP 47, 71] Instead, Defendant asserts that his conduct during trial indicates he did not understand the nature of the proceedings or have the ability to assist in his own defense, such that Defendant's interruptions amounted to a "prima facie case of incompetence" sufficient to trigger a mandatory evaluation. [MIO 14] We disagree.

**{17}** First, Defendant has not met his burden of demonstrating reversible error on appeal. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). There is no indication in the record that defense counsel complied with the relevant rule by filing a written motion requesting another competency evaluation. *See* Rule 5-602.1(D)(1). Moreover, Defendant has failed to identify precisely when defense counsel requested a mistrial, has not specified which of Defendant's interruptions supplied a factual basis for the motion, or indicated whether defense counsel's oral request supplied facts sufficient to satisfy Defendant's burden.

**{18}** Even assuming that defense counsel made the oral request for mistrial at a time when all of Defendant's interruptions could form the factual basis for the request, under the circumstances in this case, the district court could conclude that the motion was not supported by a reasonable belief that Defendant may not be competent to stand trial. *See* Rule 5-602.1 comm. cmt., ¶ F (stating that the district court should have sufficient information from the motion and any response to rule without an evidentiary hearing, and that the district court is required to consider only whether "the movant's subjective,

good faith belief that the defendant may not be competent to stand trial is objectively reasonable"). Defendant asserts that his interruptions indicate he did not understand the nature of the proceedings and could not assist in his own defense. Defendant's interruptions can, however, reasonably be attributed to an eagerness or desire to be heard and to contribute rather than a lack of capacity. Defendant more than once sought to supply the district court with information regarding a key witness and that witness's testimony. Additionally, Defendant's interruptions occurred mostly outside of the jury's presence, and related to matters relevant to the case. Furthermore, Defendant's assertion that the "jury may have had doubts about his competency" is entirely speculative. [MIO 17]

{19} We therefore conclude that Defendant has not demonstrated that the district court abused its discretion in denying Defendant's request for a mistrial based on Defendant's own interruptions during trial. *See Flores*, 2005-NMCA-135, ¶ 35 ("When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." (internal quotation marks and citation omitted)).

{20} For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

{21} IT IS SO ORDERED.

KRISTINA BOGARDUS, Judge

WE CONCUR:

J. MILES HANISEE, Judge

MEGAN P. DUFFY, Judge