(No. 35974.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SYLVESTER HOLT, Plaintiff in Error.

*Opinion filed May 27, 1963.*

FRED S. POSNER, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and RONALD BUTLER, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Sylvester Holt, was found guilty by a jury in the criminal court of Cook County of possession of narcotics and was sentenced to a term in the penitentiary of 6 to 10 years. We have issued a writ of error to review his conviction.

Defendant contends that his possession of narcotics was not proved beyond a reasonable doubt, and that improper testimony of police officers and remarks of the prosecutor were prejudicial and deprived him of a fair trial.

Defendant was charged with possession of narcotic drugs on October 29, 1959, by having at that time under his control a quantity of heroin contrary to the Uniform Narcotic Drug Act. Two police officers of Chicago testified that they went to 4426 South Greenwood in Chicago with a search warrant for the purpose of searching the apartment premises believed to be under the control of defendant. They were permitted entrance into the apartment by the landlady after informing her that they had a search warrant for Sylvester Holt. The officers testified she informed them that he lived in the building and she would take them to his apartment. Access to the apartment was gained by use of a pass key and the officers found in two different places the white powder which tests revealed to be heroin. They further testified to finding men's clothing in the

apartment and also certain identifying papers in various articles of this clothing bearing defendant's name. About an hour later the defendant came to this apartment and used a key for the purpose of entering. The officers testified that the defendant, when confronted with the discovery of the white powder by the police, stated to them that he knew it was heroin and that it belonged to him.

One of the officers testified that when he showed the search warrant to defendant, defendant stated that he had been living in the apartment for about three weeks and shared it with his girl friend, Gloria Washington.

Defendant denied he was the person who rented the apartment and denied any control over it. He testified that his girl friend was the tenant and she paid the rent; that he came to visit her on a few occasions. None of the articles of men's clothing found there were his, nor were any of his identification papers there. The police obtained his social security card from his wallet when they searched him at the apartment. Holt further denied making any statement to the police to the effect that he admitted the heroin was his or that he had been living in the apartment for three weeks prior to the police search. He produced a lease showing that he was a tenant at 4644 South Ellis, and one David Giles testified that defendant, Mr. Giles and his wife shared an apartment at that address. Neither Gloria Washington nor the landlady testified.

It is undisputed that heroin was found in the Greenwood apartment and that defendant had access to that apartment. There is defendant's admission that he lived in the apartment and that the narcotics were his. Defendant also denied any knowledge of the use of narcotics by Gloria Washington, the only other person who was shown to have access to the apartment.

We have held that the actual physical personal possession of narcotics is not required and that possession may be constructive as well as actual. (*People* v *Mack,* 12 Ill.2d

151.) To sustain a conviction on the basis of constructive possession, it must be shown that the defendant, although not having personal physical dominion, has the intent and capability to maintain control and possession. (*People* v. *Fox,* 24 Ill.2d 581.) Despite the defendant's denials, we think the evidence of defendant's constructive possession is even stronger than in *People* v. *Fox,* 24 Ill.2d 581. The matter of the credibility of the witnesses who testified both for the prosecution and defense was for the jury's determination. (*People* v. *Horodecki,* 15 Ill.2d 130.) Our examination of the record in this case fails to reveal any evidence sufficient to raise a reasonable doubt as to the guilt of the defendant.

We next turn to defendant's allegations of prejudical error in the course of the trial. The testimony of the police officers that the landlady told them that defendant lived in the Greenwood apartment is clearly hearsay. However, it was a preliminary statement not in response to a direct question and there was no objection. Therefore, we do not consider this to be error. *People* v. *Trefonas,* 9 Ill.2d 92.

Defendant further complains of testimony relating to a prior acquaintance between him and one of the arresting officers, on the ground that such prior acquaintance improperly raised an inference that defendant had an arrest record. Such testimony is improper, and objections to such questions were sustained by the trial court and the jury instructed to disregard them. Defendant himself referred to the arresting officer as "George" and acknowledged a prior acquaintance. In the light of the clear proof contained in this record, we do not believe these questions constituted reversible error.

We reach the same conclusion in regard to the objections raised relating to the summation of the prosecutor. It appears from the record that both the defense attorney and the prosecutor made certain statements beyond the rec-

34

ord and unduly inserted their personal opinions into the case. However, these excursions into unjustified rhetoric were controlled by the trial judge and proper objections sustained. Taken as a whole the improprieties contained in the summation did not prejudice defendant.

No reversible error appearing, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*