(No. 40640.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JERRY LEDFERD, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

HORATIO M. DAVIS, of Springfield, appointed by the court, for appellant.

WILLIAM CLARK, Attorney General, of Springfield, and RAYMOND L. TERRELL, State's Attorney, of Springfield, (FRED G. LEACH, Assistant Attorney General, and RICHARD A. HOLLIS, First Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

The defendant, Jerry Ledferd, was found guilty of armed robbery by a jury in the circuit court of Sangamon

County and sentenced to the penitentiary for a term of 5 to 15 years. On appeal he complains that the trial court erred in refusing to suppress certain evidence seized during a search of his home which he argues was an unreasonable one.

On March 25, 1966, at about 2:45 P.M. the owner of Bill and Susie's Tavern, in Springfield, was robbed by two armed men of $1400. The owner notified the police and it appears that when they arrived a few minutes later, a patron, who was present during the robbery, named the defendant, whom he knew, as one of the robbers. Springfield police officers, Robert Pokora and William DeMarco, who were informed by radio of the crime and that the defendant was wanted for its commission, were directed to proceed to the defendant's residence, which was above a tavern. Shortly thereafter, the defendant descended the stairs from his apartment and entered the tavern. Officers Pokora and DeMarco followed him and in the tavern placed him under arrest for the robbery. The defendant was handcuffed and taken outside and seated in the rear of a squad car.

At this point Officers Gerald Redpath and Gerald Willis, who had arrived, had separate conversations with the defendant. Police then, having obtained a key, entered and searched the defendant's apartment, and found certain evidence, including a loaded revolver and two sacks containing $1041 in cash.

The principal issue here is whether the defendant consented to the search of his apartment. The People's evidence relative to consent at the hearing on the motion to suppress consisted of the testimony of a number of police officers. Officer Redpath, as well as Officers Edward Janowiak and Lawrence Simon who were present, testified that he, Redpath, asked the defendant, while the defendant was seated in the rear of Janowiak's squad car, whether the police might search his apartment. It was testified that the defendant replied: "Go right ahead." At that time, the evidence

shows, Officer Simon noted in writing the consent of the defendant and the date and time. The defendant's apartment door being locked, Officer Willis approached Janowiak's squad car and asked the defendant if he had a key to the apartment and if he might use it. The defendant replied that he did, and that it was in his right front trouser pocket. According to Willis, the defendant then raised himself partially in the seat, and allowed Willis to remove the two keys he had in his pocket. One key was for the apartment and the other for the defendant's employer's truck. Officer Janowiak, who was present, gave an identical account of this incident. The police then entered the defendant's apartment and made the search and seizure concerned.

The defendant's version of what occurred differed from the officers' testimony. The defendant admitted, in his testimony at the hearing, that he had spoken with Officers Redpath and Willis following his arrest. However, he denied giving Redpath or any other officer, permission to search his apartment, and he denied that Redpath had requested his permission to conduct such a search. The defendant claimed that his conversation with Redpath related to his denial of any involvement in the crime after Redpath had asked him to tell the name of his partner in the robbery. The defendant testified that Officer Willis did ask him if he had a key to his apartment and that he denied he had one. According to the defendant's testimony, Willis then reached into his trouser pocket and removed a key which the defendant told Willis was the key to his employer's truck. The defendant denied he gave Officer Willis permission to remove this key from his pocket. No explanation was given as to how the police were able to enter the apartment if they did not obtain the key from the defendant.

The trial court found that the defendant had consented to the search of his apartment and denied the motion to suppress. The evidence concerned was admitted when offered at the trial.

One who consents to a search waives his constitutional protection against unreasonable search. (*People* v. *Harris,* 34 Ill.2d 282; *People* v. *Henderson,* 33 Ill.2d 225; *People* v. *DiGerlando,* 30 Ill.2d 544.) Whether consent has been given is a question of fact to·be determined initially in the trial court, and where the evidence on the issue is in conflict this court will uphold the trial court's finding unless it is clearly unreasonable. (*People* v. *Harris,* 34 Ill.2d 282; *People* v. *DiGerlando,* 30 Ill.2d 544; *People* v. *Peterson,* 17 Ill.2d 513.) Here, the trial judge found that the defendant consented to the search. It is not within the province of a court of review to assess the credibility of witnesses and a study of the evidence presented at the hearing on the motion to suppress does not lead us to conclude that the court's finding was unreasonable.

The defendant suggests that, consent or not, the evidence here should not have been received because he was not advised of his rights under the fourth amendment prior to the search.

There is authority in support of this position (see, *e.g., U.S.* v. *Nikrasch,* (7th cir.) 367 F.2d 740) and there is authority rejecting it. (See *e.g., State* v. *Andrus,* 250 La. 765, 199 So.2d 867.) This court is not prepared to hold that the People must show under circumstances such as were concerned here, not only the consent by the defendant to the search, but also that he was advised of rights secured by the fourth amendment.

The judgment of the circuit court of Sangamon County is affirmed.

*Judgment affirmed.*