THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, RAFAEL ARROYO RÍOS, JUDGE, Respondent; FELÍCITA BELÉN DE JESÚS, Intervener.

No. O-67-418. Decided June 26, 1968.

---

*J. F. Rodríguez Rivera, Acting Solicitor General,* and *Juan José Ríos Martínez, Assistant Solicitor General,* for petitioner. *Mario A. Rodríguez* for intervener.

PER CURIAM: Felícita Belén de Jesús was accused of murder in the second degree. She was charged with having performed an illegal abortion on the person of Evarista Rodríguez Rivera. During the trial the prosecuting attorney sought to present in evidence some objects seized in defendant's house. The defense objected and the judge sustained it. We issued a writ of certiorari to review said ruling.

By the middle of the year 1963 when the case was under investigation, defendant made some statements, but she said she would not sign them "until an attorney sees the statement and tells me whether or not I can sign." After her arrest was ordered defendant told two detectives and the prosecuting attorney that she did not practice "that" anymore and that she invited them to visit her house to verify

it. According to the testimony of the prosecuting attorney who intervened, defendant stated "that she did not practice that thing she was charged with, that she did not practice that anymore, and that she did not have anything, no instrument of the kind utilized to induce abortions, which was the charge made against her; and that she was willing to allow her house to be searched to corroborate the fact that she did not practice it."

The trial judge sustained the position of the defense on the ground that defendant did not have assistance of counsel when she consented to the search of her house.

The question raised in this case is a corollary of *Escobedo* v. *Illinois*, 378 U.S. 478 (1964); *Miranda* v. *Arizona*, 384 U.S. 436 (1966), and *Rivera Escuté* v. *Delgado, Warden*, 92 P.R.R. 746 (1965). Is the consent offered by a person under arrest to search her residence valid, without her having had assistance of counsel?

■■ In the present case there is no controversy as to the fact that defendant consented to the search. It is clear that the immunity against searches unless under search warrant issued pursuant to the constitutional provision may be waived. *People* v. *Barrios*, 72 P.R.R. 163, 166 (1951); *Bumper* v. *North Carolina*, 391 U.S. 543 (1968); 36 U.S. L. Week 4513 decided June 3, 1968. This waiver must be established by clear and positive evidence showing that there was no coercion of any kind whatsoever, direct or indirect. The consent in these cases cannot be subject to interpretation. It must be clear and convincing. *Bumper* v. *North Carolina, supra; Gorman* v. *United States*, 380 F.2d 158 (1st Cir. 1967); *Judd* v. *United States*, 190 F.2d 649 (D.C. Cir. 1951); *Parrish* v. *Civil Service Com'n of County of Alameda*, 425 P.2d 223 (Cal. 1967); *State* v. *Leavitt*, 237 A.2d 309 (R.I. 1968). In the present case defendant made an invitation to make the search.

The determination of whether the doctrine established in *Escobedo* and *Miranda* is applicable to a person under arrest who has given consent for a search has not yet been definitively decided in the United States. Some jurisdictions refuse to extend it. *State* v. *Leavitt, supra; Gorman* v. *United States, supra; People* v. *Martinez,* 65 Cal. Rptr. 920 (S.C. App. Dis. L.A. Cal. 1968) ; *Commonwealth* v. *Anderson,.* 222 A.2d 495 (Pa. 1966) ; *People* v. *Dahlke,* 64 Cal. Rptr. 599 (C.A. 1 Dis. Cal. 1967) ; *People* v. *Ledferd,* 232 N.E.2d 684 (Ill. 1968) ; *State* v. *Forney,* 150 N.W.2d 914 (Neb. 1967) ; *State* v. *McCarty,* 427 P.2d 616 (Kan. 1967). However, in *United States* v. *Nikrasch,* 367 F.2d 740 (7th Cir. 1966) and *United States* v. *Blalock,* 255 F.Supp. 268 (D.C. E.D. Penn. 1966), it is held that in order to consider that the waiver is made voluntarily and intelligently, the person must have had assistance of counsel. And in an article *Consent Searches: A Reappraisal After Miranda* v. *Arizona,* 67 Colum. L. Rev. 130–146 (1967), this question is amply considered it being concluded that *Miranda* is applicable to every situation where a fundamental constitutional guarantee is waived. To the same effect Dunkle, *Miranda and the Fourth Amendment,* 46 N.C.L. Rev. 142 (1967), Note, 36 Fordham L. Rev. 801 (1968).

 The facts of the present case render unnecessary our decision on the question raised. First, they occurred in the last half of the year 1963, prior to the enunciation of the doctrines invoked. The undisputed facts establish that defendant had knowledge of her rights. She refused to sign a statement that she had offered without having the opportunity to consult an attorney. It is on her own initiative, for the purpose of showing to the prosecuting attorneys that she is innocent, that she was not engaged anymore in the practice of abortions, that she invites the officers to visit her house so that they may ascertain themselves what she affirms. A person who refuses to sign a sworn statement

until she receives the counsel of an attorney and immediately invites the officers to search her house is hardly in need of legal assistance.

The order appealed from will be reversed and the case will be remanded for further proceedings.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Ramírez Bages concurs in the result. Mr. Justice Santana Becerra dissented.

—O—

MR. JUSTICE RAMÍREZ BAGES, concurring.

San Juan, Puerto Rico, June 26, 1968

I concur with the result of this opinion, considering that it being unnecessary to pass judgment on the question as to whether a defendant shall have assistance of counsel when he consents to the search of his residence, no reference should be made in the opinion of this case to the state of the law in other jurisdictions with respect to this question.