THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICKEY COGWELL, Defendant-Appellant.

(No. 56164;

First District—October 12, 1972.

O'Donnell, Wolff, LeVine, Mazzorana & Krupa, of Chicago, (Arthur J. O'Donnell and John J. Mazzorana, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Stephen J. Connolly, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant was charged with the possession of six shotgun shells while failing to possess a State Firearm Owner's Identification Card in violation of Ill. Rev. Stat., ch. 38, par. 83—2(a). After a bench trial, defendant was found guilty and sentenced to thirty days in jail. Four other men, not involved in the instant appeal, were present in the vehicle along with defendant. Two of the men were tried with defendant and were found not guilty of the same charge. The other two occupants of the auto were tried separately, and the record does not reflect the disposition of their cases. The sole contention of defendant on appeal is that the essential element of possession was not sufficiently proved so as to warrant a conviction of the offense charged.

Certain facts are uncontroverted. On July 8, 1970, at approximately 6:30 P.M., the car in which the defendant was a passenger was stopped for a traffic violation. The vehicle was stopped by Officer Walter Jones of the Chicago Police Department. After he stopped the vehicle Officer Jones observed some shotgun shells on the rear floor of the vehicle. None of the occupants could produce a State Firearm Owner's Identification Card, and all five persons were placed under arrest for possession of ammunition without a Firearm Owner's I.D. All five denied any knowledge of the shotgun shells.

At trial Officer Jones testified that upon approaching the auto pursuant to the traffic violation he observed the defendant seated in the middle of the rear seat between two other men. Officer Jones at this time observed two shells on the left rear floor of the vehicle, between the left leg of defendant and the right leg of the man sitting immediately to defendant's left. These two shells were visible from defendant's position. After the occupants exited the vehicle as requested, Officer Jones discovered four more shells under the seat in close proximity to the area on the left rear floor where he first noticed the two shells. Officer Jones then requested a Firearm Owner's Identification Card, which none of the occupants were able to produce. At this time he placed all five men under arrest. Officer Jones also testified that defendant denied any knowledge of the six shells.

Defendant argues that the essential element of possession of the shells was not sufficiently proved so as to warrant a conviction of the offense charged.

■■ Criminal possession can be either actual or constructive. (*People v. Mack*, 12 Ill.2d 151, 145 N.E.2d 609.) In the instant case, the shotgun shells were not found on defendant's person; therefore, the basis for the conviction must be examined in the light of the doctrine of constructive possession.

■■ A person is in constructive possession of contraband when such is in a place under his immediate and exclusive control. (*People v. Bedford,* 78 Ill.App.2d 308, 223 N.E.2d 290.) Knowledge is also a necessary condition of constructive possession. (*People v. Nettles,* 23 Ill.2d 306, 178 N.E.2d 361.) And while the presence of others does not necessarily negate constructive possession (*People v. Embry,* 20 Ill.2d 331, 169 N.E.2d 767), the equal access of others to the contraband can act to defeat constructive possession. (*People v. Jefferson,* 24 Ill.2d 398, 182 N.E.2d 1.) The prosecution must establish sufficient elements beyond defendant's mere status as a passenger to support a conviction. (See *People v. Baxa,* 50 Ill.2d 111, 277 N.E.2d 876; *People v. Malone,* 1 Ill. App.3d 860, 275 N.E.2d 236; *People v. Mosley,* 131 Ill.App.2d 722, 265 N.E.2d 889.) In the instant case the prosecution has failed to do so.

■■ It should be noted that we are dealing with possession, not of a dangerous weapon, but of shotgun shells. Defendant was one of five persons present in a vehicle in which the shells were found. Although the shells were close to his feet, they were equally close to another passenger, and less than a few feet from all five occupants. Only two of these shells were possibly open to defendant's view, and he denied any knowledge of their presence. The only evidence of possession beyond defendant's status as a passenger was the fact that the shells were near his feet. The State has failed, as a matter of law, to establish the requisite elements of constructive possession of the shotgun shells beyond a reasonable doubt. An examination of Illinois case law clearly dictates such a conclusion. The two cases most clearly on point are *People v. Millis,* 116 Ill.App.2d 283, 252 N.E.2d 395, and *People v. Crowder,* 4 Ill.App.3d 1079, 283 N.E.2d 342.

In *Millis,* defendant, as here, was a passenger in an auto stopped for a traffic violation. The arresting officer discovered the contraband, open liquor, on the floor of the vehicle near the defendant's feet. In reversing the conviction for possession of the liquor, this court ruled that these circumstances, as a matter of law, were not sufficient to establish possession. The situation presented in *Millis* is indistinguishable from the instant case.

In *Crowder,* defendant also was a passenger in an auto initially stopped for a traffic violation. Upon approaching the vehicle, the arresting officer observed contraband on the floor of the car. A shotgun and pistol were hidden under the seat upon which the defendants were sitting, but were not easily open to defendant's view. This court held that the requisite elements of possession were not sufficiently established and reversed the conviction.

Cases in which passengers in vehicles have been found guilty of con-

structive possession of contraband or stolen property discovered in the vehicle, are clearly distinguishable from the case at bar. In *People v. Reynolds*, 27 Ill.2d 523, 190 N.E.2d 301, defendant was arrested while sitting on recently stolen auto batteries in a stolen vehicle whose interior was filled with stolen property. In *People v. Mills*, 98 Ill.App.2d 248, 240 N.E.2d 302, the police observed the defendant passenger making a twisting motion toward where narcotics were subsequently found.

The State did not establish the elements of constructive possession of the shotgun shells beyond a reasonable doubt. For the reasons stated, the judgment of the circuit court is reversed.

Judgment reversed.

McGLOON, P. J., and DEMPSEY, J., concur.