THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELBERT KITE, Defendant-Appellant.

(No. 57242; )

First District (5th Division)—March 2, 1973.

James J. Doherty, Public Defender, of Chicago, (Stanley Sacks, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Frederic I. Chaimson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

*OFFENSES ALLEGEDLY CHARGED*

Unlawful use of weapsons (carrying a firearm concealed on his person). Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4). Failure to carry a firearm owner's identification card. Ill. Rev. Stat. 1971, ch. 38, par. 83—2(a).

*JUDGMENTS*

After a bench trial on pleas of not guilty, there was a finding of guilty on both charges, and defendant was sentenced to six months on the first charge and admitted to probation for one year on the second.

*ISSUE ON APPEAL*

The complaint which the state contends charged defendant with unlawful use of weapons was legally insufficient in that it did not charge a criminal offense.*

---

* Defendant has not raised any question in this court as to the judgment entered on the second charge.

622

*OPINION*

The complaint reads as follows:

The People of the State of Illinois
 Plaintiff

 v.

Elbert Kite
 Defendant

COMPLAINT

No. 72 MC1 J738626

John Crotty # 14005
(Complainant's Name Printed or Typed)
complainant, now appears before

The Circuit Court of Cook County and in the name and by the authority of the People of the State of Illinois

states that _____ Elbert Kite _____ has, on or about
(defendant)

Jan. 24, 1972 _____ at _____ 355 E. 75th St.
(date) UNLAWFUL USE WEAPON (Place of offense)

committed the offense of _____ in that he knowingly carried ~~concealed~~ ~~or possessed~~, a ~~Smith & Wesson~~

~~describe 38-Cal. revolver Ser. 2744~~

in violation of Chapter ___ 38 ___ Section ___ 24-1a¾ ___

ILLINOIS REVISED STATUTE AND AGAINST THE PEACE AND DIGNITY OF THE PEOPLE OF THE STATE OF ILLINOIS.

J. Crotty
(Complainant's Signature)

83A E. 75th St. 744-620?
(Complainant's Address) (Telephone No.)

Defendant contends that since a line ran through the words "Smith & Wesson 38 Cal. revolver Ser. 2744," such words were deleted from the complaint, and therefore the complaint, not having alleged an essential element of the offense, was subject to a motion to dismiss. Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)(8).

The State argues that the words, "Smith & Wesson * * *" should not be considered as deleted because they were not meant to be deleted;

and that defendant, who appeared *pro se,* answered in the affirmative when the court asked him if he would stipulate that "there was a gun involved." A close look at the complaint, the state maintains, reveals that deletions are made by X'ing out the inappropriate word or words, as was the case with the word, "describe," and that the line complained of was not a deletion line, but a line already appearing on the printed complaint form before the words, "Smith & Wesson * * *" were typed in. Further, if defendant thought the complaint legally insufficient, it was his obligation to object by making a motion to quash the complaint at trial; and since he made no such motion at the appropriate time, the state concludes, he waived the issue and cannot now raise it on appeal.

The body of the complaint form is composed of a series of regularly spaced lines. The two addresses on the form, "355 E. 75th St." and "834 E. 75th St.," although appearing to be lined-out, were obviously typed over these printed form lines. The line complained of, however, was not an originally printed form line, as it clearly appears to us that the lines in question were typed onto the form midway between other evenly spaced printed lines, running only part way between the left and right margins. This is further evidenced by the fact that punctuation marks do not break up any of the printed form lines as do the comma and period with respect to the lines in question. We find no factual justification for the state's contention.

The words in question, then, must be considered as having been deleted, and the complaint must be read as alleging that defendant "committed the offense of UNLAWFUL USE WEAPON in that he knowingly carried concealed —— in violation of Chapter 38, Section 24—1a4."

■ Section 111—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 111—3(a)) sets out the five requirements necessary for a valid charge, one of which is "setting forth the nature and elements of the offense charged." Since Section 24—1(a)(4)· of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(a)(4)) specifies the concealment of a weapon as an element of the crime of unlawful use of weapons, and the complaint does not state what, if anything, defendant knowingly carried concealed, it fails to state all the elements of an offense. The complaint, therefore, is void and is subject to dismissal pursuant to Section 114—1(a)(8) of the Code of Criminal Procedure. Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)(8); *People v. Heard,* 47 Ill.2d 501, 505, 266 N.E.2d 340, 342-343; *People v. Billingsley,* 67 Ill.App.2d 292, 299, 213 N.E.2d 765, 769. The trial court, never having acquired jurisdiction of the subject matter, had no authority to enter the judgment

it did in this case, and for that reason, too, the complaint is subject to dismissal. Ill. Rev. Stat. 1971, ch. 38, par. 114—1(a)(6).

■■ Although defendant did not make a motion to dismiss the complaint at trial, he is not precluded from doing so at this time, since Section 114—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—1(b)) specifically provides that motions to dismiss a criminal complaint based upon the court's lack of jurisdiction (par. 114—1(a)(6)) or on the point that no offense has been charged (par. 114—1(a)(8)), cannot be considered as waived, even if not filed within a reasonable time. *People v. Billingsley*, 67 Ill.App.2d 292, 300, 213 N.E.2d 765, 769-770; *People v. Petropoulos*, 59 Ill.App.2d 298, 324, 208 N.E.2d 323, 337, affirmed 34 Ill.2d 179, 214 N.E.2d 765.

■■ The State also contends that the missing information could have been supplied by a Bill of Particulars and since defendant did not ask for such, he cannot now ask for the dismissal of the complaint, citing Ill. Rev. Stat. 1971, ch. 38, par. 111—6. However, since a Bill of Particulars cannot be used to cure a void charge, this section applies only if the original complaint has charged an offense in accordance with the provisions of Section 111—3 of the Code of Criminal Procedure. (Ill. Rev. Stat. 1971, ch. 38, par. 111—3; *People v. Blanchett*, 33 Ill.2d 527, 535, 212 N.E.2d 97, 101, on remand 73 Ill.App.2d 91, 218 N.E.2d 491.) Since we have already decided that the complaint did not comply with that statute, the state's argument on this point must also fall.

■■ Where a conviction rests upon a fatally defective complaint, as is the case here, it will be reversed without remand. *People v. Leach*, 3 Ill.App.3d 389, 393, 279 N.E.2d 450, 452.

The judgment on the charge of unlawful use of weapons is reversed. The judgment on the charge of failing to carry a firearm owner's identification card is affirmed.

Reversed in part, affirmed in part.

DRUCKER, P. J., and LORENZ, J., concur.