THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROY ZENTZ, Defendant-Appellant.

(No. 74-326; ▉▉▉▉▉▉▉▉)

Third District—March 18, 1975.

William N. Stone, of Sterling, for appellant.

Louis Pignatelli, Jr., State's Attorney, of Morrison, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal is from the judgment of the circuit court of Whiteside County finding defendant, Roy Zentz, guilty of unlawful use of a weapon

by possessing a .410 sawed-off shotgun and sentencing him to 1 to 3 years in the custody of the Department of Corrections.

On the afternoon of February 16, 1974, defendant, while seated in a tavern, was approached by two deputy sheriffs. They asked him to come outside, whereupon they informed him he was under arrest pursuant to two outstanding misdemeanor warrants not related to the case at bar. Zentz was released 3 days later upon posting bond.

On the same afternoon of the arrest, an unoccupied Opel automobile believed by the deputies to have belonged to Zentz and parked in the general vicinity of the tavern was towed to a local garage. Three days later, pursuant to a search warrant, the car was searched. A deputy used a pry bar to get into the trunk from which he removed the .410 sawed-off shotgun in question here. On February 24, 1974, Zentz was arrested and charged with unlawful use of weapons. On March 5, 1974, the unlawful-use charge was dismissed at a preliminary hearing upon a finding of no probable cause. However, on the following day the State's attorney obtained an indictment against Zentz on the same unlawful use charge.

The only issue on appeal is whether there was sufficient evidence to prove beyond a reasonable doubt that the defendant possessed the shotgun in question. We hold the evidence was not sufficient.

■■ To apply the doctrine of constructive possession there must be a showing that the defendant had the immediate and exclusive control of the area where the items allegedly possessed were situated (*People v. Millis*, 116 Ill.App.2d 283, 252 N.E.2d 395), and the evidence must be that knowledge of the presence of the contraband may be inferred (*People v. Jackson*, 23 Ill.2d 360, 178 N.E.2d 320). The People argue there was sufficient evidence to show defendant was in constructive possession of the weapon. They rely on *People v. Mack*, 12 Ill.2d 151, 145 N.E.2d 609, wherein defendant Mack was convicted of possession of heroin. The People's reliance on this case is not justified due to the dissimilarity in the factual situations. In *Mack* heroin was found in an unoccupied apartment which was searched pursuant to a search warrant. Police officers had observed defendant leave this apartment on another occasion prior to the search. A search of the apartment produced a rent receipt showing defendant had paid rent for this apartment for the period including the search. Defendant first denied but then admitted he rented this apartment. In the instant case the People support their contention that there was sufficient evidence to show possession by defendant by reciting the facts that Federal tax forms in the defendant's name and credit cards bearing defendant's name were found in the vehicle. The People's witness testified at trial that he had acted as chauffer for the defendant for

about 1½ months during late 1973 and during that time he had driven the defendant about in a green Opel similar to the car found near the scene of defendant's arrest. On each occasion defendant had with him a single-shot .410 sawed-off shotgun which was sometimes kept in the trunk of the vehicle.

■■ The recital of these facts to the effect that defendant on some indefinite occasions in the past carried a sawed-off shotgun with him and that there were credit cards and tax forms in the trunk bearing defendant's name hardly suffices to establish the possession by defendant of a sawed-off shotgun contained in the trunk of a vehicle found near the scene of defendant's arrest. No evidence was presented by the State indicating defendant owned the car in question, that he was in possession of the car on the day it was seized, that he drove the car to the place where it was seized or that he had any control or possession of the car at or about the time of its seizure. Furthermore, when the defendant's personal effects were inventoried as a consequence of his arrest, no key to the car was discovered in defendant's possession, resulting in the necessity, as indicated earlier, of a forcible entry into the car by the police officers. Under these circumstances we hold that the State did not prove beyond a reasonable doubt that defendant possessed the sawed-off shotgun.

For the foregoing reasons the judgment of the circuit court of Whiteside County is reversed.

Judgment reversed.

ALLOY and BARRY, JJ., concur.