THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY ONDREY, Defendant-Appellant.

(No. 73-307;

Third District—September 30, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (F. Stewart Merdian, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant, Larry Ondrey, plead guilty in the Circuit Court of La Salle County to criminal damage to property having a value of less than $150 and also plead guilty to misdemeanor theft. He was sentenced to concurrent terms of 364 days and ordered to pay restitution in the amount of $300. Defendant appeals, contending that the theft conviction is invalid because no such charge was filed against him in La Salle County at the time of the plea and entry of judgment, and that, in any event, the theft conviction must be reversed because the court did not determine a factual basis for the plea. He also contends that the court did not have authority to order him to pay restitution.

· On March 26, 1973, defendant was charged by information in Williamson County with burglary and felony theft. In La Salle County, on April 16, 1973, defendant was charged by indictment with eight counts of criminal damage to property.

Following plea negotiations between defendant and the State's Attorneys of La Salle County and Williamson County, on October 16, 1973, defendant plead guilty in La Salle County, to one count of criminal damage to property and also to the theft charge from Williamson County. The State's Attorney of La Salle County agreed to nolle prosequi the remaining seven counts of the indictment and, with the concurrence of the Williamson County State's Attorney, to dismiss the Williamson County charge of burglary and to amend the theft charge to misdemeanor theft. In accordance with these negotiations, the information from Williamson County was forwarded to the Clerk of the La Salle County Circuit Court on October 31, 1973.

Defendant contends that the conviction for misdemeanor theft cannot stand because that charge was not filed against him in La Salle County at the time of plea and entry of judgment of conviction.

■■ A prosecution is commenced by the filing of a complaint, information or indictment. (Ill. Rev. Stat. 1973, ch. 38, § 111—1.) In order for a court to acquire jurisdiction, a complaint, information or indictment alleging that an offense has been committed within the county in which the court sits, must be filed with that court. *People v. Kite,* 10 Ill.App.3d 620, 295 N.E.2d 100 (1st Dist. 1973); *People v. Hill,* 68 Ill.App.2d 369, 216 N.E.2d 212 (1st Dist. 1966).

Section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—2(b)), provides the procedure to be used where the defendant is charged with multiple offenses in different counties. The pertinent portion of that statute is as follows:

> "(b) A defendant convicted, charged, or held in custody in a county other than that in which any other charge is pending against him may state in writing or in court that he desires to plead guilty, to waive trial in the county in which the charge is pending and to consent to disposition of the case in the county in which he is held, convicted or charged, subject to the approval of the state's attorney for each county. Upon receiving notification from the sentencing court, the clerk of the court in which the charge is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court in which the defendant desires to plead guilty. Thereafter, the prosecution shall continue in that county. If after the proceeding has been transferred, the defendant pleads not guilty, the proceeding shall be restored to the docket of the court where the charge was pending."

Thus the statute permits a defendant to waive his right to be tried in the county where the alleged offense was committed and confers jurisdiction on a court in a different county for the limited purpose of accepting a guilty plea and sentencing the defendant.

▪▪ In the present case, although an information charging the defendant with theft was filed in Williamson County, no such charge had been filed in La Salle County; nor was the procedure of section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—4—2 (b)) adhered to. Defendant stated to the La Salle County court that he would plead guilty and waive trial in Williamson County on the theft charge. Further, the State's attorneys for both counties approved the defendant's waiver. However, the Williamson County charge was not transmitted to La Salle County until October 31, 1973, some 15 days after the defendant had entered his plea. Therefore, there was a total failure to charge the defendant with misdemeanor theft and La Salle County was deprived of jurisdiction for that charge. (*People v. Vesper*, 74 Ill.App.2d 151, 219 N.E.2d 371 (5th Dist. 1966).) We note that in *People v. Click*, 22 Ill.App.3d 89, 91, 316 N.E.2d 808 (2d Dist. 1974), a case involving a section 5—4—2(b) transfer, the county holding the defendant continued the prosecution until the charging papers were transferred.

Finally, the failure of the defendant to object to this procedure in the trial court does not waive the jurisdictional defect. (*People v. Fore*, 384 Ill. 455 (1943).) This was plain error and can be raised for the first time on appeal. (Ill. Rev. Stat. 1973, ch. 110A, § 615(a); *People v. Meyer*, 102 Ill.App.2d 159, 243 N.E.2d 602 (1st Dist. 1968).) Therefore, we hold that defendant's conviction of theft must be reversed.

Because we reverse the theft conviction, there is no need to consider defendant's next contention concerning whether there was a factual basis for the plea to the theft charge.

▪▪ Defendant also contends that the trial court had no authority to order the payment of restitution after sentencing him to a term of imprisonment for a misdemeanor.

The State properly concedes this issue. Restitution may only be ordered as a condition of probation (Ill. Rev. Stat. 1973, ch. 38, § 1005—6—3(b) (10)) and is not allowed in addition to imprisonment for a misdemeanor. Ill. Rev. Stat. 1973, ch. 38, § 1005—8—3.

Accordingly, defendant's conviction for theft and the order of restitution are reversed, and any monies paid pursuant to that order are to be returned to him. Since defendant has not appealed his conviction for criminal damage to property, that conviction will still stand.

Reversed.

STOUDER, P. J., and ALLOY, J., concur.