THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PERCY BILLINGS, Defendant-Appellant.

First District (2nd Division)   No. 62996

Opinion filed August 23, 1977.

James J. Cutrone, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

The defendant, Percy Billings, was charged by complaint with the offenses of unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10)) and of possessing a firearm without having in his possession a valid firearm owner's identification card issued by the State of Illinois (Ill. Rev. Stat. 1975, ch. 38, par. 83—2). Following a bench trial, the court discharged the defendant on the charge of unlawful use of weapons, and found him guilty of the offense of possessing a firearm without having in his possession a valid firearm owner's identification card. The defendant was sentenced to a term of one year's probation, with the first 15 days to be served in the Cook County Jail.

From the entry of the judgment of conviction, the defendant appeals and contends as follows: (1) that the trial court erred in denying defendant's motion to suppress; (2) that defendant was not proven guilty beyond a reasonable doubt; (3) that the trial court considered inadmissible hearsay evidence; and (4) that the trial court was without

jurisdiction to try the case in that no judge of the circuit court of Cook County ever gave leave to the State to file the complaint against the defendant.

Prior to trial, the defendant filed a motion to suppress. At the hearing on this motion, Chicago police officer, Ernest Cain, testified that he was in the vicinity of 58th Street, between State and Wabash, at approximately 8:20 p.m. on January 31, 1975, when he had a conversation with a private citizen. The citizen informed him that he had seen the defendant, Percy Billings, putting a gun inside the engine compartment of his, the defendant's, car. Officer Cain testified that approximately 25 minutes later that evening, at a distance of approximately two blocks from the location that the conversation with the citizen took place, that he, Officer Cain, observed the defendant, found the alleged contraband in the defendant's motor vehicle and placed him under arrest. Officer Cain testified that he did not have either a search or arrest warrant at that time. This was the only evidence submitted on the motion to suppress, and the trial court found probable cause was present, and denied the motion to suppress.

At the trial, Officer Cain testified that when he observed the defendant on the street at the aforementioned time and place, he approached the defendant and told him that he had prior information that a gun was placed in his car, and he asked Mr. Billings if he could look in the engine compartment of his car. The defendant replied, "Go ahead."

Officer Cain testified that he then walked to the defendant's car, opened the hood, looked in the engine compartment, and found a .32-caliber H & R revolver that was loaded with six rounds, in the front fender. He testified that he knew it was the defendant's automobile because the car was driven by the defendant and registered to him on a previous occasion when he had arrested the defendant. The reference to the previous arrest was stricken by the court. Officer Cain then testified that he had seen the defendant in the automobile on prior occasions, and that the defendant, on this night in question, had the keys to the automobile. He concluded his testimony on direct examination by stating that he asked the defendant to produce a firearm owner's identification card and the defendant did not do so, and that he then placed the defendant under arrest and advised him of his constitutional rights.

On cross-examination, Officer Cain testified that when he first saw the defendant that evening, defendant was approximately 100 feet from the car, and that he did not see the defendant driving the vehicle that day, but that he had seen him driving the vehicle in the past.

Officer Cain was the only witness for the State, and at the conclusion of his testimony, the State asked that the evidence "stipulated to prior would be received in evidence." Defense counsel objected to the evidence on the grounds of hearsay. At the commencement of the trial, the State asked

if there was a stipulation as to the gun, and defense counsel replied "sure, sure."

Defendant did not produce any witnesses, nor did he testify in his own behalf. Subsequent to entering a finding of guilty, the court conducted a hearing in aggravation and mitigation. At that time, the prosecution stated that the defendant was currently on five years probation for armed robbery, but defense counsel stated that the defendant informed him that his probation "was terminated favorably on Wednesday."

Defendant initially contends that the trial court erred in denying his motion to suppress. He argues that the weapon seized was the fruit of a warrantless search conducted without probable cause. In support of this assertion, he cites *Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509. Defendant maintains that the testimony of Officer Cain was too vague to establish how and when he acquired the information leading to the search of the vehicle and further that there was no evidence substantiating the reliability of the informant. In this context, defendant also argues that the information provided by the citizen failed to establish that a crime had been committed.

■■ Section 114—12(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—12(b)) provides in pertinent part that "[t]he judge shall receive evidence on any issue of fact necessary to determine the motion and the burden of proving that the search and seizure were unlawful shall be on the defendant." (See *People v. Wright* (1969), 42 Ill. 2d 457, 460, 248 N.E.2d 78.) A defendant who urges the suppression of the legally obtained evidence is required to make a prima facie showing that it was obtained by an illegal search and seizure, and a prima facie showing means that the defendant has the primary responsibility of establishing the factual and legal bases for the motion to suppress. (See *People v. Black* (1972), 52 Ill. 2d 544, 554.) Where the basis for the motion is an allegedly illegal search, it is incumbent upon the defendant in the first instance to establish both components: that there was a search, and that it was illegal. *People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.

In reviewing the ruling of the trial court on the motion to suppress, it is our duty to affirm the result reached unless the ruling of the trial court was "manifestly erroneous." *People v. Williams* (1974), 57 Ill. 2d 239, 246, 311 N.E.2d 681, and the cases there cited; *People v. Smith* (1977), 51 Ill. App. 3d 87, 366 N.E. 426.

It has long been held that a valid search of an automobile, not incidental to an arrest, may be made without a warrant. (*People v. Georgev* (1967), 38 Ill. 2d 165, 230 N.E.2d 851; *People v. Symmonds* (4th Dist. 1974), 18 Ill. App. 3d 587, 310 N.E.2d 208.) Such a search must be based upon facts justifying a reasonably prudent person in believing that the contents of

the automobile offend against the law. *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280; *Chambers v. Maroney* (1970), 399 U.S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975; *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022.

In this vein, hearsay information as to statements made by a reliable informant may constitute the basis for probable cause, provided that there are sufficient facts and underlying circumstances to support the informant's conclusions. *People v. King* (1st Dist. 1973), 12 Ill. App. 3d 355, 298 N.E.2d 715; *People v. Jones* (1967), 38 Ill. 2d 427, 431, 231 N.E.2d 580.

Unlike the informant in *Aguilar,* the private citizen in the case at bar personally observed the defendant place a weapon in the engine compartment of his vehicle. This citizen then approached Officer Cain, who was in the vicinity and informed him of this observation. Approximately 25 minutes after such conversation, the officer observed defendant, who was previously known to him, about a block and a half away from the place where he was approached by the citizen. (See *People v. McFadden* (1965), 32 Ill. 2d 101, 203 N.E.2d 888, where defendant's presence in the same vicinity as reported by informant was found to be a corroborating factor.) At this time, defendant was approximately 100 feet away from his vehicle. The officer further testified that he knew this vehicle belonged to defendant since he had seen him driving it in the past, knew it was registered in his name and that defendant possessed the keys to this vehicle on the date in question. The officer's search also corroborated the citizen's observation, since a weapon was found in the engine compartment.

Moreover, there is long-standing precedent for dispensing with the requirement of prior reliability of the informer when police officers act upon information provided by private citizens. See *People v. Kaprelian* (1st Dist. 1972), 6 Ill. App. 3d 1066, 286 N.E.2d 613 (information supplied by citizen, held sufficiently reliable to justify officers investigation and subsequent search of defendant); *People v. Hoffman* (1970), 45 Ill. 2d 221, 258 N.E.2d 326 (officers acting upon information provided by an unidentified woman, that defendant displayed a vulgarity printed upon his forehead, held sufficient to justify defendant's arrest based upon tip alone).

■■ In addition, it has long been held that a warrantless search can survive constitutional prohibition upon a showing that the facts bring it within one of the exceptions to the rule that a search must rest on a search warrant. (*Stoner v. California* (1964), 376 U.S. 483, 11 L. Ed. 2d 856, 84 S. Ct. 889.) In *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, the court first articulated the exigent circumstances exception with which we are concerned here. In that case, a warrantless search of an

automobile was upheld where probable cause existed and there were the additional circumstances of the automobile being stopped on a highway, where it was not practical to obtain a warrant and it contained contraband which could have been removed or destroyed. See also *People v. Thornton* (1977), 47 Ill. App. 3d 604, 365 N.E.2d 6.[1]

In *Cooper v. California* (1967), 386 U.S. 58, 17 L. Ed. 2d 730, 87 S. Ct. 788, the court in referring to its opinion in *Preston v. United States* (1964), 376 U.S. 364, 11 L. Ed. 2d 777, 84 S. Ct. 881, said:

> "We made it clear in *Preston* that whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case and pointed out, in particular, that searches of cars that are constantly movable may make the search of a car without a warrant a reasonable one although the result might be the opposite in a search of a home, a store, or other fixed piece of property." 386 U.S. 58, 59, 17 L. Ed. 2d 730, 732, 87 S. Ct. 788, 790.

The most recent declaration by the United States Supreme Court on this issue appears in *United States v. Chadwick* (June 21, 1977), 45 U.S. L. W. 4797, wherein Mr. Chief Justice Burger stated:

> "* * * searches and seizures of automobiles are therefore subject to the constitutional standard of reasonableness. But this Court has recognized significant differences between motor vehicles and other property which permit warrantless searches of automobiles in circumstances in which warrantless search would not be reasonable in other contexts. *Carroll v. United States*, 267 U.S. 132 (1925); *Preston v. United States*, 376 U.S. at 366-367 (1964); *Chambers v. Maroney*, 399 U.S. 42 (1970). See also *South Dakota v. Opperman*, 428 U.S. at 367.
>
> Our treatment of automobiles has been based in part on their inherent mobility which often makes obtaining a judicial warrant impracticable. Nevertheless, we have also sustained 'warrantless searches of vehicles * * * in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed *were remote, if not non-existent*.' (Emphasis added.) *Cady v. Dombrowski*, 413

---

[1] In a very recent thorough treatise on search and seizure, the author commences by stating that courts do not agree on what constitutes a Fourth Amendment violation. He then proceeds to attempt to demonstrate that Illinois reviewing courts have arrived at their present position in certain problem areas without recognizing the complex and controversial nature of the issues before them. The broad question is whether we should accept at face value the United States Supreme Court's proclamation that warrantless searches are permissible only if they fit under a specifically established, well-delineated exception. The author concludes that our Illinois Supreme Court has noted that the recognized exceptions are not exclusive, but instead are merely guides to aid in deciding what is reasonable police conduct. Haddad, *Arrest, Search and Seizure: Six Unexamined Issues in Illinois Law*, 26 DePaul L. Rev. 492 (1977).

U.S. 433, 441-442 (1973); accord. *South Dakota v. Opperman,* supra, at 367; see *Texas v. White,* 423 U.S. 67 (1975); *Chambers v. Maroney,* supra; *Cooper v. California,* 386 U.S. 58 (1967).

The answer lies in the diminished expectation of privacy which surrounds the automobile:

> 'One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. * * *' "2

In *People v. Henry* (1977), 48 Ill. App. 3d 606, 608-09, 363 N.E.2d 112, 115, the Second District Appellate Court re-emphasized:

> "Where there is probable cause to believe that a crime has been committed, and that evidence of a crime is contained in an automobile, a warrantless search of the automobile may be reasonable. (*E.g., People v. Joyner* (1972), 50 Ill. 2d 302, 311; *People v. Corrigan* (1977), 45 Ill. App. 3d 502, 505; *People v. Winslow* (1975), 26 Ill. App. 3d 1035, 1041, *cert. denied,* 424 U.S. 915.) Further, as we noted in *Winslow,* '[t]he validity of a search conducted pursuant to probable cause, unlike a search incidental to an arrest, is not dependent upon the existence of probable cause to arrest. [Citations.]' 26 Ill. App. 3d 1035, 1041."

In addition, however, the defendant in the case at bar further argues, that assuming *arguendo* that the aforementioned is correct, the fact remains that the evidence prior to the ruling on the motion to suppress, in itself was insufficient to establish the probable cause necessary to sustain the overruling of the motion to suppress. The defendant's analysis of the evidence presented both prior and subsequent to the ruling on the motion to suppress is very thorough in this regard. However, our Illinois Supreme Court ruled in *People v. Braden* (1966), 34 Ill. 2d 516, 520, 216 N.E.2d 808:

> "The requirement that a defendant move to suppress illegal evidence prior to trial is one of convenience to eliminate time consuming collateral inquiries during the trial of the principal issue. (*People v. Castree,* 311 Ill. 392.) * * * the court's ruling on such a motion is not final and may be changed or reversed at any time prior to final judgment. *People v. Kissane,* 347 Ill. 385, 387; *People v. Fox,* 319 Ill. 606, 609.
>
> * * *

We conclude that since the evidence at the trial established the

---

2 The aforementioned review by Chief Justice Burger was not in fact necessary to the court's ruling in the *Chadwick* case, which held that a footlocker search was not justified under the "automobile exception."

legality of the arrest and the search in this case, defendant cannot avail himself of any error on the motion to suppress." See also *People v. Turner* (1976), 35 Ill. App. 3d 550, 567, 342 N.E.2d 158; *People v. Glanton* (1975), 33 Ill. App. 3d 124, 138, 338 N.E.2d 30; *People v. Smith*, (1977), 51 Ill. App. 3d 87, 366 N.E.2d 426.

■■   Thus, in the case before us, the officer's credible and unimpeached testimony at the trial, supplementing his testimony on the motion to suppress, may be considered as evidence for the purpose of establishing the probable cause requisite for the search of defendant's automobile.

The State argues in reply to the defendant's assertions, that in any event, the search in the case at bar must be sustained on the theory of consent, since the defendant himself gave the officer permission to look in the engine compartment of the automobile in which the gun was found improperly concealed. In this regard, it has been held that voluntary consent to an otherwise unreasonable search and seizure waives the constitutional privilege and the evidence derived therefrom is admissible at trial. (*People v. Ledferd* (1967), 38 Ill. 2d 607, 232 N.E.2d 684.) Also, the absence of any proof that the defendant knew he could withhold his consent is not to be given controlling significance. See *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.

Under similar factual circumstances to the case at bar, the United States Supreme Court in *United States v. Watson* (1976), 423 U.S. 411, 424, 46 L. L. Ed. 2d 598, 609, 96 S. Ct. 820, 828, sustained the search and in addition found there was no evidence of coercion, stating:

> "* * * his consent was given while on a public street, not in the confines of a police station * * *. There is no indication in this record that Watson was a newcomer to the law, mentally deficient, or unable * * * to exercise a free choice."

Neither the Illinois Constitution, article I, section 6, nor the Fourth Amendment to the Constitution of the United States guards against all searches, but only against unreasonable searches. (*People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.) Such, after all, is the test as Mr. Justice Black, a staunch defender of constitutional rights, observed in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 509-10, 29 L. Ed. 2d 564, 608, 91 S. Ct. 2022, 2059:

> "[T]he Fourth Amendment does not require that every search be made pursuant to a warrant. It prohibits only '*unreasonable* searches and seizures.' The relevant test *is not the reasonableness of the opportunity to procure a warrant,* but the reasonableness of the seizure under all the circumstances. The test of reasonableness cannot be fixed by *per se* rules; each case must be decided on its own facts." (Emphasis supplied.)

■■ In light of the foregoing, we find that defendant did in fact consent to the search of his automobile, and we also conclude that the officer's inquiry of defendant and subsequent search of his vehicle constituted reasonable conduct within the context of the Fourth Amendment, and it was not unreasonable to undertake the intrusion of a search without a warrant. Thus, we find no error in the trial court's denial of the motion to suppress.

■■ The defendant next contends that he was not proven guilty of the offense charged beyond a reasonable doubt. It has been held that to sustain a conviction of the offense of failure to possess an Illinois State firearm owner's identification card, the evidence must prove that the defendant possessed a weapon without having such card in his possession at the time of his arrest. (*People v. Flemmings* (1st Dist. 1975), 31 Ill. App. 3d 881, 335 N.E.2d 155; *People v. Cahill* (2d Dist. 1976), 37 Ill. App. 3d 361, 345 N.E.2d 528.) The elements of the offense may be established by the sole testimony of the arresting officer. *People v. Flemmings.*

In the instant case, while defendant does not deny that he was unable to produce a State firearm owner's identification card, he argues that he was not proven to be in possession of the weapon, and that the only evidence directly linking him to the possession was the inadmissible hearsay testimony provided by the private citizen.

A long and consistent line of decisions by Illinois courts has expressly rejected the notion suggested by defendants that the admissibility of a weapon into evidence turns upon the question of possession in any technical sense. Rather, such evidence is admissible where sufficient circumstances establish its connection to the defendant and the crime of which the defendant stands accused so as to render it probative upon a disputed fact of consequence to the determination of the litigation. See *People v. Jones* (1961), 22 Ill. 2d 592, 177 N.E.2d 112; *People v. Johnson* (1966), 35 Ill. 2d 516, 221 N.E.2d 497; *People v. Perkins* (1959), 17 Ill. 2d 493, 162 N.E.2d 385; *People v. Curtis* (1977), 48 Ill. App. 3d 375, 362 N.E.2d 1319.

Our courts have held that criminal possession can either be actual or constructive, and that constructive possession may be established by the actual possession of the locus in or on which the pistol is found (*People v. White* (1st Dist. 1975), 33 Ill. App. 3d 523, 338 N.E.2d 81) as distinguished from the mere accessibility of the weapon to defendant's physical control. *People v. Cogwell* (1st Dist. 1972), 8 Ill. App. 3d 15, 288 N.E.2d 729.

■■ The testimony in the case at bar established that the vehicle was owned by defendant, registered in his name, that he had been seen driving it on a prior occasion, that he possessed the keys to this vehicle on the date of his arrest, that he was a short distance from the vehicle at the time of his arrest, and that he consented to the officer searching the

vehicle. We, therefore, conclude that defendant was proven to be in actual possession of the locus, his automobile wherein the weapon was found, and thus was found also to be in possession of the weapon.

Moreover, knowledge on the part of an accused of the existence of a weapon may be inferred from circumstantial evidence produced at trial. (*People v. Marbley* (1st Dist. 1975), 34 Ill. App. 3d 434, 340 N.E.2d 247.) Defendant's ownership and control of an automobile and other corroborative facts permit an inference that defendant had knowledge of the weapon found in his automobile. *People v. Ehn* (1st Dist. 1974), 24 Ill. App. 3d 340, 320 N.E.2d 536.

The case of *People v. Zentz* (3d Dist. 1975), 26 Ill. App. 3d 265, 325 N.E.2d 40, is cited for the holding that the State failed to establish defendant's knowing possession of a weapon contained in the trunk of a vehicle parked near the scene of defendant's arrest. Unlike the case at bar, however, there was insufficient corroborative facts present; there was no evidence establishing that defendant owned the vehicle in question, or that defendant drove the vehicle to the place where the weapon was seized, that he had the keys to the vehicle in his possession or that he consented to the police officer's search.

■■ In addition, the defendant's failure to produce a State firearm owner's identification card upon the officer's request provided sufficient proof of the additional required elements of the offense beyond a reasonable doubt. *People v. Flemmings* (1st Dist. 1975), 31 Ill. App. 3d 881, 335 N.E.2d 155.

The defendant next contends that the trial court considered inadmissible hearsay testimony in finding the defendant guilty. In his argument, he refers to the testimony of Officer Cain concerning his conversation with the unidentified citizen as the inadmissible hearsay, which testimony was clearly admissible prior to the motion to suppress in establishing probable cause to conduct the search. See *People v. Jones* (1st Dist. 1966), 75 Ill. App. 2d 332, 221 N.E.2d 209.

As to this evidence also being considered by the court in finding the defendant guilty, it is not clear from the record that it was so considered by the court. Assuming *arguendo* that the defendant is correct in his contention that this evidence was so considered by the court, there is long-standing precedent in our State for the proposition that at a bench trial the court is presumed to consider only competent evidence, absent any affirmative indications otherwise shown in the record. *People v. Drake* (1st Dist. 1974), 20 Ill. App. 3d 762, 314 N.E.2d 532; *People v. Glanton* (1st Dist. 1975), 33 Ill. App. 3d 124, 338 N.E.2d 30.

■■ In *People v. Plair*, 51 Ill. App. 3d 75, 366 N.E.2d 410, the facts disclosed that a woman on the street approached police officers and asked if they were police officers. When they replied, she told

them that two males had just passed her walking east on 55th Street and that one of the two, wearing a long brown coat and a checkered hat, had what appeared to be a weapon in his coat.

In affirming the conviction, the court stated:

"It is contended that the trial court erred in permitting the police officers to testify to the woman's statements indicating that the defendant had been carrying a gun. We agree that under the circumstances this testimony constituted objectionable hearsay. (*People v. Holt* (1963), 28 Ill. 2d 30, 190 N.E.2d 797; *People v. Thompson* (1970), 128 Ill. App. 2d 420, 263 N.E.2d 124.) However, where in light of the entire record it is apparent that hearsay testimony was not prejudicial, any error committed in its reception does not warrant reversal. (*People v. Pelkola* (1960), 19 Ill. 2d 156, 166 N.E.2d 54; *People v. Colon* (1974), 20 Ill. App. 3d 858, 314 N.E.2d 664). Admission of hearsay evidence is not prejudicial where that evidence is merely cumulative and where the accused's guilt is sufficiently established by proper evidence. (*People v. Thompson; People v. Williams* (1969), 117 Ill. App. 2d 34, 254 N.E.2d 81; *Cf: People v. Hines* (1973), 12 Ill. App. 3d 582, 299 N.E.2d 581.) In the present case, the court heard the testimony of two police officers that the defendant was found in possession of a sawed-off shotgun. The testimony concerning the woman's statements did little if anything to strengthen the State's case. We find that the hearsay testimony was merely cumulative, and hence did not prejudice the defendant."

So too, do we conclude, that the hearsay testimony was presumed not to have been considered by the court, and in any event was merely cumulative to the direct eyewitness testimony of Officer Cain, and it did not prejudice the defendant.

The defendant's final contention is that the trial court was without jurisdiction to hear the proceeding, since no judge of the circuit court of Cook County ever gave leave to the State to file the complaint against the defendant, and in support thereof he cites the section of the statutes which provides that a criminal proceeding may be commenced by "a verified written statement other than an information or an indictment, presented to a court, which charges the commission of an offense" (Ill. Rev. Stat. 1973, ch. 38, par. 102—9) and urges that the word "presented" means that the court must formally grant leave to file a complaint and that such leave should be evidenced by the judge's signature.

In this regard, the State first replies that this point is not properly before this court on appeal since the defendant at no time raised it in the trial court below. It is well settled that a complaint may not be for the first time

called into question before a court of review unless it can be shown that it charges no offense and is therefore void upon its face. *People v. Cannon* (1st Dist. 1974), 18 Ill. App. 3d 781, 310 N.E.2d 673; *People v. Bradley* (1st Dist. 1973), 12 Ill. App. 3d 783, 299 N.E.2d 99.

Our supreme court has held that the Fourth Amendment to the United States Constitution does not require that a complaint charging an offense be a verified complaint. (*People v. Harding* (1966), 34 Ill. 2d 475, 216 N.E.2d 147.) What is necessary is that the complaint be "presented to a court." (Ill. Rev. Stat. 1973, ch. 38, par. 102—9.) Defendant is incorrect in his contention that the complaint was not presented to the court, in that it was not sworn to before a judge and leave to file it was not granted by a judge, for it is only necessary that in order to present a complaint to a court, that it be filed with the clerk of the court. See, 2 Callaghan, Illinois Criminal Procedure, Sec. 1306.

The general rule, in the absence of a statute, is that a prosecuting attorney may file an information without leave of court. (42 C.J.S. Indictments and Informations §68 (1944).) The statutes specifically authorize the State's Attorney to commence and prosecute all civil and criminal actions in the proper county. (Ill. Rev. Stat. 1973, ch. 14, par. 5.) Furthermore, Illinois case law has interpreted the statutory language of "prosecution * * * commencing with the return of the indictment or issuance of an information" to include the word complaint. (*People v. Robins* (4th Dist. 1975), 33 Ill. App. 3d 634, 338 N.E.2d 222.) Other Illinois cases have also recognized that a court acquires jurisdiction upon the *filing* of a complaint, information or indictment sufficiently alleging that a crime was committed within the county. *People v. Ondrey* (3d Dist. 1975), 32 Ill. App. 3d 73, 335 N.E.2d 531, *rev'd on other grounds* (1976), 65 Ill. 2d 360, 357 N.E.2d 1160.

■■ Moreover, it has been held that the substantial defectiveness of the verification of an information or complaint does not affect the jurisdiction of the court if the information or complaint adequately charges an offense. (*People v. Harding* (1966), 34 Ill. 2d 475, 216 N.E.2d 147.) Defendant does not contend that the complaint failed to adequately inform him of the charge. We conclude that the filing of a complaint, which sufficiently establishes all the elements of the offense, in the proper county, was sufficient to confer jurisdiction upon the court.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.